HARTSVILLE OIL MILL v. DuBOSE.

(88 S. E. 446.)

EXECUTION.   DISCHARGE OF INSOLVENT DEBTOR.   STATUTORY PROVISIONS.
MISTAKE.   CONSTRUCTION.

1. EXECUTION—DISCHARGE OF POOR DEBTORS—STATUTORY PROVISIONS—MIS-
   TAKE—CONSTRUCTION.—Under Code Civ. Proc. 1912, sec. 237, provid-
   ing for the discharge of a defendant arrested on civil process upon
   giving bail or depositing the amount mentioned in the order of arrest,
   or "under the provisions of sections 2702-2718 * * * of the Code of
   1912," as previous editions of the Code of Procedure indicate that
   "sections 2702-2718" was inserted by mistake, and that Civ. Code
   1912, secs. 4176-4194, relating to the discharge of prisoners as insolvent
   debtors, were intended, the provisions in the Code of Procedure and
   in the Code of Laws are to be construed together to allow a defendant
   arrested under the Code of Civil Procedure to take advantage of the
   Insolvent Debtors' Act.
2. EXECUTION—DISCHARGE OF POOR DEBTORS—STATUTE.—Defendant was
   arrested under Code Civ. Proc., sec. 230, in a civil action, and sought
   to be discharged under the provisions of the Insolvent Debtors' Act
   (Civ. Code 1912, secs. 4176, 4177, 4180, and 4182).   Plaintiff demanded
   a trial by jury under section 4183, which provides that, when a plain-
   tiff accuses the defendant of fraud of having given an undue prefer-
   ence, or of having made a false schedule, the clerk shall call a jury
   who shall try these issues, which was accordingly ordered by the
   clerk.   The defendant appealed from this order, and the Court limited

the issues to be presented to the jury to one question, whether a false schedule had been filed. *Held*, that all the issues raised by the plaintiff should have been submitted to the jury, and that the Court's action in limiting the issues to the sole question whether a false schedule had been filed was error.

Before BOWMAN, J., Manning, March, 1915.    Reversed.

Action by the Hartsville Oil Mill against Alexander DuBose. From an order framing issues, the plaintiff appeals.

*Messrs. Miller & Lawson* and *Davis & Wideman,* for appellant.    The former cite: *As to arrest in fraud cases:* 3 Cyc. 899; 16 A. & E. Enc. of L. 15, 16; 20 Ann. Cas. 1345; 34 L. R. A. 634, 642; 10 L. R. A. (N. S.) 362; 79 S. C. 30; Code Civ. Proc. 230. *Statutory construction:* 96 S. C. 321; 8 S. C. 127; 4 L. R. A. 309; 26 A. & E. Enc. of L. 720. *Statutory provisions:* Civil Code, secs. 4182, 4183, 4189, 4192. *Execution against person:* 10 L. R. A. (N. S.) 364; 34 L. R. A. 642; 45 Am. Dec. 394. *Fraud:* 41 S. C. L. (7 Rich.) 156; 13 S. C. L. (2 McC.) 266. *Pleading:* 26 S. C. L. (1 McM.) 147.

*Messrs. A. Levi* and *Charlton DuRant,* for respondent. The latter cites: *Imprisonment for debt:* 4 Strob. L. 426. *Discharge:* 26 S. C. 477. *Statutory construction:* 96 S. C. 313.

March 16, 1916.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This was an action brought in the Court of Common Pleas for Charleston county on January 21, 1915, by the plaintiff, Hartsville Oil Mill, against the defendant, Alexander DuBose, for the recovery of about $1,500, under four

separate causes of action, for the attachment of certain personal property, and for the arrest of the defendant under section 230, Code of Civil Procedure. The defendant made default, but was thereafter permitted by Hon. I. W. Bowman, Circuit Judge, to file an answer. Defendant undertook to avail himself of the benefit of the Insolvent Debtor's Act, and filed a petition, which hereinafter appears. Plaintiff demanded a trial of the issues thus presented by a jury under section 4183, Civil Code, which was accordingly ordered by the clerk.· From the order of the clerk defendant appealed to Judge Bowman upon exceptions, and Judge Bowman limited the issues to be presented to the jury to one, to wit, whether a false schedule had been filed, and thereby precluded from the jury all other issues, including whether defendant had been guilty of fraud, and whether an undue preference had been given by him to one creditor to the prejudice of another. This issue alone was presented to the jury for trial, and a verdict of not guilty was returned. From the order of Judge Bowman limiting the issues as aforesaid, this appeal is taken; due notice thereof having been given respondent's attorneys."

Sectións 4176, 4177, 4180, 4182, 4183 of the Code of Laws 1912 are as follows:

"Sec. 4176. Any person arrested on mesne or final process in any civil action, as provided by chapter I, title VII, of the Code of Procedure, being unable or unwilling to give the bail therein provided, may petition the Court of Common Pleas of the county wherein he is confined, certifying the causes of his arrest, together with an account of his real and personal estate, with the dates of the securities wherein any part of it consists, and the deeds, notes, or vouchers relating thereto, and the names of the witnesses to the same, as far as his knowledge extends therein.

"Sec. 4177. Upon such petition, the clerk is hereby required, by order or rule, to cause the petitioner to be brought before the Court, and also the creditors at whose

suit such person shall stand charged, as well as all other creditors to whom he shall be indebted, to be summoned by public notice, to be given three weeks at least in some newspaper of the county wherein the debtor is confined, and if there be no newspaper published in such county, then in some newspaper of general circulation therein, personally, or by their attorney, to appear before him, at a day for that purpose appointed, at or after the expiration of the said three weeks. * * *

"Sec. 4180. The petitioner, upon executing such assignment (and when he shall have delivered into the hands of the assignee or assignees all and singular his title deeds, vouchers, and effects contained in his said account, so far as in his power so to do), shall be forthwith discharged, by order, from such suit or suits, and shall also thenceforth be acquitted of, from and against all such other of his creditors as shall have appeared or established their demands before the Court, or assignee, for all debts, contracts, and demands whatsoever. * * *

"Sec. 4182. Any person who shall deliver in a false schedule of his effects shall suffer the penalties of wilful perjury, shall be liable to be arrested again for the action on which he was discharged, and shall forever be disabled to take any benefit from this chapter.

"Sec. 4183. Whenever a debtor in custody under the provisions of this chapter shall be accused by the plaintiff of fraud, or of having given an undue preference to one creditor to the prejudice of another, or of having made a false return, it shall be lawful for the clerk of the Circuit Court, who shall hear the prisoner's application, to place the names of twenty-four persons qualified as jurors in a box, and from them draw eighteen, and to direct the sheriff of the county to summon the said eighteen whose names shall be thus drawn to attend at the place where the prisoner is confined, and at such time as the said clerk shall appoint; and from

them shall be drawn twelve in the same manner, who shall be impaneled to try the facts required by this chapter."

Section 237 of the Code of Procedure is as follows:

"The defendant, at any time before execution, shall be discharged from the arrest, either upon giving bail or upon depositing the amount mentioned in the order of arrest, as provided in this chapter, or he may be discharged under the provisions of sections 2702-2718, inclusive, of the first volume of the Code of 1912."

Previous editions of the Code of Procedure show beyond question that sections 2708-2718, inclusive, were inserted by mistake, and were intended for sections 4176-4194, inclusive, which relate to the discharge of prisoners as insolvent debtors. The manifest intention was that the provisions in the Code of Procedure and in the Code of Laws were to be construed together. *Hurst Purnell & Co.* v. *Samuels,* 29 S. C. 476, 7 S. E. 822.

The record shows that the defendant undertook to avail himself of the provisions of the Code of Laws relating to the discharge of insolvent debtors. Section 4183 shows that, when the plaintiff accuses the defendant of fraud, or of having given an undue preference to one creditor to the prejudice of another, or of having made a false schedule, it was the duty of the clerk of the Court to submit all those questions to a jury.

His Honor, the Circuit Judge, was in error, therefore, in limiting the issues to the sole question whether a false schedule had been filed by the defendant.

Order reversed.